### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

CLARISSE COLE                                 :        Civil Action No.:_____
22 E. Bringhurst Street                        :
Philadelphia, PA 19144                         :
                                  Plaintiff,   :        **JURY TRIAL DEMANDED**
                    v.                         :
                                               :
SILVER SPRINGS MARTIN                          :
LUTHER SCHOOL                                  :
512 Township Line Road                         :
Plymouth Meeting, PA 19462                     :
                                               :
                                  Defendant.   :

---

### COMPLAINT – CIVIL ACTION

Plaintiff, Clarisse Cole ("Plaintiff"), by and through her undersigned attorney, for her Complaint against the Silver Springs Martin Luther School ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff initiates this action contending that Defendant interfered with and violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq*. and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and ultimately terminated her employment in retaliation for her attempts to exercise those rights in violation of the same.  As a result, Plaintiff has suffered damages as set forth herein.

### PARTIES

2.      Plaintiff is a citizen of the United States and Pennsylvania and currently maintains a residence located at 22 E. Bringhurst Street, Philadelphia, PA 19144.

3.     Defendant Silver Springs Martin Luther School is non-profit educational institution with a principal place of business located at 512 Township Line Road, Plymouth Meeting, PA 19462.

## JURISDICTION AND VENUE

4.     Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5.     This action is authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

6.     On or about December 4, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge Number 530-2018-01012. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

7.     By correspondence dated April 2, 2018, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against the Defendant.

8.     Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

9.     This Court has original jurisdiction over Plaintiff's ADA and FMLA claims, pursuant to 28 U.S.C. §§ 1331 and 1343, as each are actions arising under the laws of the United States.

2

10.     The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant resides in this district and conducts business therein, and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

11.     Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12.     At all times relevant hereto, Defendant was engaged in an industry affecting interstate commerce and had fifty (50) or more employees in twenty (20) or more workweeks in the current or proceeding calendar year.

13.     At all times relevant hereto, Defendant employed fifty (50) or more employees at or within seventy-five (75) miles of Plaintiff's worksite with Defendant.

14.     Plaintiff worked at least twelve hundred and fifty (1,250) hours for Defendant during the twelve (12) month period immediately preceding her entitlement to protected medical leave.

15.     Plaintiff began her employment with Defendant on or about January 13, 1999, in the position of Classroom Assistant.

16.     At all times material hereto, Plaintiff received positive reviews of her performance, occasional praise, and no significant discipline.

17.     On or about January 17, 2017, while in the process of breaking up a fight, which broke out between several students, Plaintiff sprained her left knee, a disability within the meaning of the ADA in that it substantially impaired her ability to walk and stand for extended periods of time.

3

18.     Following the incident, Plaintiff's left knee was very swollen and she could not put any pressure on it.

19.     As such, the next day, on or about January 18, 2017, Plaintiff notified Defendant she would be late to work because she could not walk on her injured knee.

20.     Defendant then advised Plaintiff to report to Patient First to be evaluated.

21.     The attending physician at Patient First diagnosed Plaintiff with a sprained left knee, sent her home with an immobilizer cast, and provided Plaintiff with light duty restrictions to give to Defendant.

22.     Upon information and belief, the physician recommended Plaintiff keep her leg elevated and refrain from walking on the injury.

23.     Upon information and belief, when Plaintiff gave Defendant her light duty restrictions Defendant advised that the only light duty available was to manage the classroom while sitting.

24.     Upon information and belief, Plaintiff felt unsafe managing a classroom while sitting with her leg continuously propped up, being that she was unable to move around effectively without the use of crutches.

25.     Then, on or about January 24, 2017, Plaintiff emailed Heather Douglass ("Ms. Douglass") in Defendant's Human Resources ("HR") department to alert her to Plaintiff's safety concerns regarding monitoring the students while sitting.

26.     Upon information and belief, Ms. Douglass stated that she would speak with the Director, Maria Kriter ("Ms. Kriter"), but no remedy was ever provided to Plaintiff.

27.     Accordingly, it is believed and thus averred that Defendant failed to engage in the interactive process with Plaintiff to determine whether she could be provided with a reasonable accommodation which would permit her to perform the essential functions of her position.

28.     As a result, Plaintiff requested FMLA leave in order to care for her serious health condition.

29.     Then, on or about February 10, 2017, Defendant granted, and Plaintiff began such medical leave.

30.     Upon information and belief, while on medical leave, Plaintiff regularly updated Defendant about her condition and provided Defendant with supplemental doctor's notes.

31.     Despite Plaintiff's frequent updates, she heard nothing more from Defendant until June 2017.

32.     Then, on or about June 7, 2017, Ms. Douglass contacted Plaintiff via telephone to inform her that she was being terminated because Defendant could "no longer hold open the position."

33.     Upon information and belief, during this conversation, Plaintiff again asked whether Defendant could provide her with an accommodation for her disability.

34.     At that time, Plaintiff requested an accommodation in the form of additional leave to care for her disability.

35.     Upon information and belief, Defendant responded by stating that Plaintiff's "twelve (12) weeks of FMLA is up."

36.     As such, it is believed and thus averred that Defendant once again failed to engage in the interactive process with Plaintiff to determine whether she could be provided with a

reasonable accommodation which would permit her to perform the essential functions of her position.

37.    Shortly thereafter, Ms. Douglass followed up with a letter to Plaintiff's home detailing their conversation and recapping that Plaintiff had been terminated effective June 7, 2017, due to her inability to return to her position because of her knee injury.

38.    In light of the foregoing, it is believed and therefore averred that Plaintiff was actually terminated on the basis of her disability and/or record of impairment, disabilities that Defendant regarded her as having, and in retaliation for her requests for accommodations in connection with her disability, in violation of the ADA.

**COUNT I**
**THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 U.S.C. § 12101 *ET SEQ.***
<u>**DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE**</u>

39.    Paragraphs 1 through 38 are hereby incorporated by reference as though the same were fully set forth at length herein.

40.    At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

41.    Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

42.    Plaintiff's sprained left knee limited her ability to engage in major life activities, including walking, standing, and caring for herself.

43.    Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

44.    Despite her disability, Plaintiff would have been able to perform the essential functions of her job with or without a reasonable accommodation.

45.     Plaintiff's requests for additional assistance in the classroom and medical leave to seek treatment for the above-mentioned condition constituted requests for a reasonable accommodation under the ADA.

46.     By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees has violated the ADA by failing to engage in the interactive process of determining reasonable accommodations for Plaintiff, and by terminating Plaintiff's employment because of her actual and/or perceived disability and request for reasonable accommodations in connection thereto.

47.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a)      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b)      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c)      Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

d)      Pre-judgment interest in an appropriate amount; and

e)      Such other and further relief as is just and equitable under the circumstances;

f)      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable federal law.

## COUNT II
### FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. § 2601, *ET SEQ.*
### INTERFERENCE AND RETALIATION

48.     Paragraphs 1 through 47 are hereby incorporated by reference as though the same were fully set forth at length herein.

49.     Defendant is a "covered employer" within the meaning of the FMLA.

50.     Plaintiff was an "eligible employee" under the FMLA and was entitled to twelve (12) weeks of job-protected, unpaid leave to care for her serious health condition.

51.     Defendant violated the FMLA by: (a) using Plaintiff's taking of leave for FMLA-qualifying reasons as a negative factor in its decision to terminate Plaintiff's employment, (b) by terminating Plaintiff because of her FMLA-qualifying leave request; and (c) by terminating Plaintiff for taking FMLA-qualifying leave and/or in retaliation for attempting to exercise her rights under the FMLA.

52.     The aforementioned actions constitute both interference and retaliation violations of the FMLA.

53.     Plaintiff has, because of Defendant's wrongful termination of her employment, been unable to obtain other employment, has suffered significant wage losses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a)      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b)      Liquidated damages;

c)      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d)      Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

e)      Pre-judgment interest in an appropriate amount; and

f)      Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issue so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____

Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*


Dated:  June 1, 2018

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to the same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.